UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA L. JAMES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:18-00885-APG-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – ECF No. 1) |

Plaintiff Patricia L. James has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) along with a proposed Complaint (ECF No. 1-1). The Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.　APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Ms. James's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the Complaint.

**II.　SCREENING THE COMPLAINT**

**A.　Legal Standards**

After granting a request to proceed IFP, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed

to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678.

Here, Ms. James's Complaint challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. *See* Compl. (ECF No. 1-1) at ¶ 3. To state a valid benefits claim, a complaint must give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *See Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914,

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

918 (N.D. Ill. 2009), *aff'd by* 433 F. App'x 462 (7th Cir. 2011).

**B. Exhaustion of Administrative Remedies**

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id*. *See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405 (g).

In this case, Ms. James alleges that on March 13, 2018, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner. *See* Compl. ¶ 8. Thus, it appears she has exhausted her administrative remedies. Ms. James timely commenced this action as the Complaint was filed on May 16, 2018, and the Complaint indicates that she resides within the District of Nevada. *See* Compl. ¶ 1. Accordingly, she has satisfied these prerequisites for judicial review.

**C. Grounds for Ms. James's Appeal**

The Complaint seeks judicial review of the Commissioner's decision benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final

3

decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Complaint, Ms. James alleges that the ALJ found her to have the severe impairments of cervicalgia, degenerative disc disease of the cervical and lumbar spine, headaches, and mild right carpal tunnel syndrome. Compl. (ECF No. 1-1) ¶ 9(a). Despite her severe impairments, the ALJ found that James had the residual functional capacity "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) consisting of lifting or carrying up to 20 pounds occasionally and 10 pounds frequently; standing and/or walking for up to 6 hours in an 8-hour workday; and sitting for up to 6 hours in an 8-hour workday," subject to certain limitations. *Id*. ¶ 9(b). The ALJ also found that James could perform her past relevant work. *Id*. ¶ 9(c).

Ms. James contends that the ALJ's decision "lacks the support of substantial evidence." *Id*. ¶ 9(d). The ALJ purportedly "failed to properly evaluate the medical evidence and subjective complaints in making this finding." *Id*.

The Complaint lacks sufficient allegations of underlying facts to give the Defendant fair notice of James's disagreement with the SSA's final determination. Ms. James has not alleged when her disability commenced, instead alleging only she "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." *See* Compl. ¶ 5. Additionally, she merely alleges the ALJ's decision to deny her benefits was wrong, but she fails to indicate *why* the decision is wrong other than by reciting the general standards that govern the court's review of the SSA's decision. *Id.* at ¶ 9(d). Rule 8's pleading standard requires more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the SSA's decision was wrong and failing to describe the underlying reasons why is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Starr*, 652 F.3d at 1216 (a complaint must "enable the opposing party to defend itself effectively"). Accordingly, the Complaint fails to state a claim upon which relief can be granted, and Ms. James will be given leave to amend.

/ / /

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Patricia L. James' Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She will not be required to pay the $400 filing fee.
2. Ms. James is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.
3. The Clerk of Court shall **FILE** the Complaint, but **SHALL NOT** issue summons.
4. The Complaint is **DISMISSED WITH LEAVE TO AMEND**. Ms. James shall have until **June 22, 2018**, to file an amended complaint, if she believes she can correct the noted deficiencies.
5. Failure to file an amended complaint on or before **June 22, 2018**, will result in a recommendation to the district judge that this case be dismissed.

Dated this 23rd day of May, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5